## PEOPLE *v.* NELSON.

1. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—SUFFICIENCY
   OF AFFIDAVIT—CONCLUSION OF AFFIANT.
   A statement in an affidavit for a warrant to search for intoxi-
   cating liquors that accused "admitted to this deponent that
   he had wine and cider" in the basement of his barn was
   sufficient to sustain a finding of probable cause, and was not
   objectionable as a mere conclusion of affiant; "admitted,"
   as used, being synonymous with "stated," "said," or "ac-
   knowledged."

2. SAME—CRIMINAL LAW—EVIDENCE—HARMLESS ERROR.
   Where, in a prosecution for illegal possession of intoxicating
   liquors, there was sufficient undisputed testimony to establish
   that the liquor seized in defendant's possession was intoxi-
   cating, error, if any, in admitting the testimony of a chemist
   who made an analysis of the liquor that it was intoxicating,
   was not reversible.

Error to Montcalm; Hawley (Royal A.), J. Sub-
mitted October 12, 1928. (Docket No. 155, Calendar
No. 33,918.) Decided December 4, 1928.

Nels Nelson was convicted of violating the liquor
law. Affirmed.

*Frank A. Miller* and *Charles H. Goggin,* for appel-
lant.

*Wilber M. Brucker,* Attorney General, and *D. Hale
Brake,* Prosecuting Attorney, for the people.

McDONALD, J. The defendant has brought error
to review his conviction on an information charging
the unlawful possession of intoxicating liquors. The

case was tried without a jury. Findings were filed by the court to which the defendant duly excepted.

The defendant is a farmer residing in Montcalm county, Michigan. Under authority of a search warrant, the sheriff searched his barn and seized a still and a large quantity of intoxicating liquor. A motion was made to suppress the evidence thus obtained on the ground that the affidavit did not state facts from which the justice could find probable cause. Error is assigned on the refusal of this motion.

The objection to the affidavit is based on the following statement:

"And this deponent says further that at the jail in the city of Stanton on the 11th day of February, 1928, the said Nels Nelson admitted to this deponent that he had wine and cider in the basement of said barn, and the said Nelson said further that if any still was in the basement of said barn he would have to say that someone else put it there while he was gone."

It is the contention of the defendant that the word "admitted" stamps the statement as a mere conclusion of the affiant and is not a recital of facts from which the magistrate could find probable cause. Giving to the word "admitted" its ordinary and commonly understood meaning, the language of the affidavit is just as much a statement of fact as though it had read:

"The said Nelson stated to this deponent that he had wine and cider in the basement of said barn."

As used in the affidavit, the word "admitted" is synonymous with "stated," "said," or "acknowledged." That it was used in such a sense appears from language which immediately follows, viz.,

"And the said Nelson said further," etc. The objection has no merit. The statement involves facts sufficient to sustain a finding of probable cause. In denying the motion to suppress, the court did not err.

Error is also assigned on the admission of the testimony of a chemist who made an analysis of the liquor seized and testified as to its intoxicating quality. Assuming that the testimony complained of was inadmissible, its admission does not constitute reversible error, because there was other evidence on the same subject sufficient to establish the fact that the liquor was intoxicating. Mr. Newman, a deputy sheriff, who took part in the search and seizure, testified that he smelled and tasted the liquor and that it was intoxicating. To the same effect was the testimony of three other deputies. Their testimony was not disputed.

No other errors are alleged.

The judgment of conviction is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.